UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LEEROY ALLEN, JR., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 1:05-cv-01919-RCL |

**REPORT TO COURT ON STATUS OF SERVICE OF PROCESS
ON DEFENDANT LEEROY ALLEN, JR.**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this Report to the Court to advise the Court on the status of service of process upon defendant LeeRoy Allen, Jr. ("Allen").

**I.     Background**

This action was filed on September 29, 2005 against Allen for his actions as an officer of International Biofuel and Biochemical Corporation ("IBBC"), including his issuance of Commission filings that contained a string of materially false and misleading statements. Based on this conduct, the SEC has alleged that Allen has engaged in securities fraud under Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78j(b)], Rules 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]. In addition, the Commission alleges that Allen provided a false certification of IBBC's quarterly reports on Form 10-QSB and, thus, violated Section 302 of the Sarbanes-Oxley Act and Rule 13a-14 [17 C.F.R. § 240.13a-14] adopted thereunder. The Commission is seeking a permanent injunction against future violations of these provisions, disgorgement of

Allen's ill-gotten gains, civil penalties, and an order barring him from acting as an officer and director of a public company and from future participation in the distribution of a penny stock.

## II.    Attempts To Serve Allen

Shortly after the filing of the Complaint, the Commission began its efforts to serve Allen with process in this matter. The Commission delivered the summons and Complaint to its contract process server, Capitol Process Servers in the District of Columbia. The Commission also supplied Capitol Process with two addresses that Allen used prior to the filing of the Complaint. Capitol then referred this matter to a subcontractor in the Phoenix, Arizona, area. The process servers attempted service on the two addresses supplied by the Commission, and they determined that Allen no longer lived at those addresses. A copy of the proof of attempt of service, dated October 19, 2005, is attached as Exhibit A hereto.

Allen evidently learned of the Commission's action through a business associate and contacted the Commission's staff by email on Sunday, October 23, 2005. Allen's October 23, 2005 email attached a copy of the Commission's litigation release and a link to the Complaint. On October 26, 2005, the Commission staff replied to the email and expressly asked Allen to waive formal service of process and accept service of process by email. The October 26, 2005 email attached copies of the form of waiver of process adopted under Rule 4 of the Federal Rules of Civil Procedure, the summons and the Complaint. The Commission staff also advised Allen that if he declined to waive formal service that he would be responsible for any additional expenses the Commission

incurred in attempting to serve him process in this matter. A copy of this email chain is attached as Exhibit B hereto.

The next day, Allen emailed the Commission staff and advised us that he was willing to waive formal service in this matter and promised to return the waiver of formal service form to us in 60 days. The Commission staff promptly replied that he would need to send the form back to us immediately and that by waiving service he would have 60 days to file his answer with the Court. A copy of this email chain is attached as Exhibit C hereto.

Several days passed, and the Commission staff did not receive the waiver of service of process form that Allen promised to send. Accordingly, the Commission staff sent Allen an email on November 4, 2005 to follow up on this matter. Allen responded nine days later. Allen promised to supply a valid address to the Commission and stated he "had not had a chance" to send the waiver form and promised that he would "get it done this week." A copy of this email exchange is attached as Exhibit D hereto.

Allen never sent the waiver of service form to the Commission as promised.[1] As a result, the Commission sought to locate new addresses for Allen. In particular, the Commission requested that Capitol Process perform a search for alternative addresses. They were unsuccessful. See Exhibit E hereto. The Commission also ran another series of data base searches in an effort to locate Allen. The Commission was able to locate nine other addresses that appeared to be related to Allen. The Commission provided

---

[1] The Commission believes that Allen's acceptance of service in his email may provide a basis for proving service of process. However, because Allen is acting pro se, the Commission sought to have the signed form in its possession. In the event that service was not perfected, the Commission also sought to obtain personal service on Allen to avoid any possible grounds for dispute in the event a default judgment was to be entered. Moreover, there is a chance that Allen still believes that he doesn't have to return the form until 60 days, which would be approximately December 27, 2005.

those addresses to Capitol Process with instructions to attempt rush service on those addresses. Eight of the nine addresses were determined to be invalid. Exhibit F hereto. The Commission requested a repeat attempt at the ninth address. We are awaiting the results of the latest attempt at that address.

On December 7, 2005, the Commission staff again contacted Allen to follow up on the prior emails and seeking confirmation that he consented to accepting service by email. Allen has not yet responded to this email.

Finally, as of the date of this filing, the Commission has retained a new firm that specializes in the location and service of hard to find defendants. We are awaiting the results of this firm's efforts and will promptly file a proof of service if successful.

Dated: December 14, 2005

Respectfully submitted,

__**Michael K. Lowman /s/**_____
Michael K. Lowman (Bar No. 460190)
Christy L. Romero (Bar No. 479380)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4477 (Lowman)
(202) 551-4857 (Romero)
(202) 772-9245 (Lowman fax)

Of Counsel:

Antonia Chion
Christopher Conte
Lisa Deitch
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549

4