%AO 399   (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO:   Securities and Exchange Commission
_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, LeeRoy Allen, Jr. _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of   SEC v. Allen _____ .
(CAPTION OF ACTION)

which is case number   1:05CV01919 _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of   Columbia _____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after   October 26, 2005 _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

Dec. 23
(DATE)

(SIGNATURE)

Printed/Typed Name:   Lee Roy Allen Jr

As   Self ____ of   IBBC ____
(TITLE)                        (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# UNITED STATES DISTRICT COURT
## District of Columbia

SECURITIES AND EXCHANGE
COMMISSION
101 F Street, N.E.
Washington, DC 20549

Plaintiff,

V.

LEEROY ALLEN, JR.
P.O. Box 70
Bayard, New Mexico 88023
505-313-1195

Defendant

## COMPLAINT:

CASE NUMBER: 1:05cvo1919
JUDGE:   ROYCE C. LAMBERTH
DECK TYPE:  GENERAL CIVIL
DATE STAMP:  09/29/2005

## DEFENDANT LEEROY ALLEN, JR. ("ALLEN") IN RESPONSE TO THE COMPLAINT FILED BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION (THE "COMMISSION") STATES THE FOLLOWING:

# SUMMARY

1. The entire Complaint is incorrect and all allegations and general assumptions that have been leveled/FILED against (defendant) Mr. LeeRoy Allen, Jr. are totally **not** correct and therefore (defendant) LeeRoy Allen, Jr. is left with no recourse but to ask for the opportunity to defend himself against the information filed in this complaint.

2. Therefore, (Defendant) LeeRoy Allen, Jr. respectfully petitions the court to allow defendant to receive a copy of any and all documents held by the Securities and Exchange Commission and to view any and all mentioned/collected documents and statements or copies of interviews that may have lead the plaintiff Securities and Exchange Commission to reach such an irresponsible and incorrect conclusion/s against (defendant) LeeRoy Allen, Jr.

3. Therefore I wish to ask the court for the opportunity to defend my actions describe in the complaint and I ask/petition the court for the opportunity to do so.

4. Upon receipt of requested documents and upon a complete and through review, I (LeeRoy Allen, Jr., defendant), will assist the court and the plaintiff, the Securities and Exchange Commission, in whatever manner deemed appropriate and to set the record straight.

Respectfully submitted,

LeeRoy Allen, Jr.
P.O. Box 70
Bayard, New Mexico 88023
505-313-1195

Counsel:

**Christy L. Romero (Bar No. 479380)**
**Michael K. Lowman (Bar No. 460190)**
**Attorneys for plaintiff**
**Securities and Exchange**
**Commission**
**100 F. Street, N.E.**
**Washington, D.C. 20549**


Of Counsel:

**Antonia Chion**
**Christopher R. Conte**
**Lisa Deitch**
**Attorneys for Plaintiff**
**Securities and Exchange Commission**
**100 F Street, N.E.**
**Washington, DC 20549**