UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>               Plaintiff, )<br>     v.                                                    )<br>)<br>LEEROY ALLEN, JR.,                           )<br>)<br>               Defendant.                        )<br>) | Civil Action No.<br>1:05-cv-01919-RCL |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SECOND
REPORT TO COURT ON STATUS OF SERVICE OF PROCESS
ON DEFENDANT LEEROY ALLEN, JR.**

Pursuant to the Court's Order dated December 14, 2005, Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this Report to the Court to advise the Court on the status of service of process upon defendant LeeRoy Allen, Jr. ("Allen").

**I.      Background**

This action was filed on September 21, 2005 against Allen for his actions as an officer of International Biofuel and Biochemical Corporation ("IBBC"), including his issuance of Commission filings that contained a string of materially false and misleading statements. Based on this conduct, the SEC has alleged that Allen has engaged in securities fraud under Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78j(b)], Rules 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]. In addition, the Commission alleges that Allen provided a false certification of IBBC's quarterly reports on Form 10-QSB and, thus, violated Section 302 of the Sarbanes-Oxley Act and Rule

13a-14 [17 C.F.R. § 240.13a-14] adopted thereunder.  The Commission is seeking a permanent injunction against future violations of these provisions, disgorgement of Allen's ill-gotten gains, civil penalties, and an order barring him from acting as an officer and director of a public company and from future participation in the distribution of a penny stock.

II.     **Service of Allen**

As reflected in the Commission's prior report to the Court and exhibits thereto, the Commission made numerous attempts to serve defendant with process in this matter. [Docket #3, Ex. A]. In addition, the Commission staff was able to open email communications with the defendant and explored defendant's waiver of service of process.  [Docket #3, Ex. B].  Allen advised Commission staff by email that he was willing to waive formal service in this matter and promised to return the waiver of formal service form to us in 60 days. [Docket #3, Ex. C].

On or about December 26, 2005, Allen sent the waiver form to the Commission -- about 60 days after Allen said he would return the form to the Commission.  Included with the waiver of process form was a "response" the Commission's complaint.  The Commission advised Allen by email that we could not file pleadings on his behalf and that he would have to file his response with the clerk of the Court.

On January 4, 2006, the Commission filed Allen's waiver of process form with the Court.  Thus, service upon Allen is complete.  As a matter of fairness to a *pro se* litigant, the Commission also left Allen's "Response" to the Commission's Complaint attached to the waiver form.  [Docket #5].  The Court may thus decide whether Allen has answered the Commission's complaint as contemplated by the Federal Rules of Civil

2

Procedure. However, the Commission states that it will not file any future documents with the Court for defendant Allen.

Finally, in the event the Court deems that Allen has answered the Complaint, the Commission attempted to communicate with Allen regarding the parties' obligations under Local Civil Rule 16.3 to confer. The Commission memorialized this request to meet and confer in writing and sent defendant a copy of this rule for his reference. To date, the Commission and Allen have not conferred pursuant to Local Civil Rule 16.3. If the Commission does not hear from Allen by the time provided under Local Civil Rule 16.3, it will draft a proposed scheduling order and submit it to the Court for approval so as not to delay this matter.

Dated: January 13, 2006

                                    Respectfully submitted,

                                    **Michael K. Lowman /s/**
                                    Michael K. Lowman (Bar No. 460190)
                                    Christy L. Romero (Bar No. 479380)
                                    Attorneys for Plaintiff
                                    SECURITIES AND EXCHANGE COMMISSION
                                    100 F Street, N.E.
                                    Washington, D.C. 20549
                                    (202) 551-4477 (Lowman)
                                    (202) 551-4857 (Romero)
                                    (202) 772-9245 (Lowman fax)

Of Counsel:

Antonia Chion
Christopher Conte
Lisa Deitch
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549

## Certificate of Service

I certify that a copy of the Commission's attached report to the Court has been served by first class mail and email to defendant LeeRoy Allen at the following address:

>LeeRoy Allen, Jr.
>P.O. Box 70
>Bayard, New Mexico 88023

**Michael K. Lowman /s/**