UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:05 CV 01919 |
| v. | ) | |
| | ) | Royce C. Lamberth |
| LEEROY ALLEN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT OF LEEROY ALLEN, JR.

1.    Defendant LeeRoy Allen, Jr. ("Allen") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Allen and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Allen admits), Allen hereby consents to the entry of the Judgment As To Defendant LeeRoy Allen, Jr. in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Allen from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b), of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5 [17 C.F.R. § 240.10b-5] and 13a-14 [17 C.F.R. § 240.13a-14] promulgated thereunder;

(b) orders Allen to pay disgorgement of ill-gotten gains with prejudgment interest thereon, in an amount to be determined at a later date;

(c) orders Allen to pay a civil money penalty pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act

[15 U.S.C. § 78u(d)(3)], in an amount to be determined at a later date;

(d) permanently bars Allen, pursuant to Section 20(g) of the Securities Act [15

U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [ [15 U.S.C. §

78u(d)(6)], from any future participation in the offering of any penny stock as

defined by Section 3(a)(51)(A) of the Exchange Act [ [15 U.S.C. §

78c(51)(A)]; and

(e) permanently bars Allen, pursuant to Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C.

§ 78u(d)(2)], from acting as an officer or director of any issuer that has a class

of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

§ 78l] or that is required to file reports pursuant to Section 15(d) of the

Exchange Act [15 U.S.C. § 78o(d)].

3.      Allen agrees that he shall not seek or accept, directly or indirectly, reimbursement

or indemnification from any source, including but not limited to payment made pursuant to any

insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.  Allen further agrees that he shall

not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or

local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of

whether such penalty amounts or any part thereof are added to a distribution fund or otherwise

used for the benefit of investors.

4.    Allen agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from February 14, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.    Allen waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Allen waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.      Allen enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Allen to enter into this Consent.

8.      Allen agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.      Allen will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Allen waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Allen of its terms and conditions. Allen further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Allen has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Allen in this civil proceeding. Allen acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Allen waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Allen further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

4

organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Allen understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Allen understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Allen agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Allen hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Allen breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Allen's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Allen hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Allen to defend against this action. For these purposes, Allen agrees that

5

Allen is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Allen (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Allen's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Allen in any United States District Court for purposes of enforcing any such subpoena.

15.    Allen agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

16.    Allen agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: _10/17/2006_ _____
                                                    LeeRoy Allen, Jr.


On _10-17-_, 2006 _LeeRoy Allen, Jr._ a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: _6-20-09_

7