```
                                                              Page 1
  1              UNITED STATES DISTRICT COURT

  2              FOR THE DISTRICT OF COLUMBIA

  3   - - - - - - - - - - - - - - - X

  4   SECURITIES AND EXCHANGE,       :

  5   COMMISSION,                    :

  6           Plaintiff,             :

  7       v.                         : Case No.

  8   LEEROY ALLEN, JR.,             : 1:05-cv-019-RCL

  9           Defendant.             :

 10   - - - - - - - - - - - - - - - X

 11                   Washington, D.C.

 12                   Monday, September 18, 2006

 13

 14        Deposition of LEEROY ALLEN, JR., called for

 15   examination by counsel for the Plaintiff in the

 16   above-entitled matter, pursuant to notice, the witness

 17   being duly sworn by CARLA L. ANDREWS, a Notary Public

 18   in and for the District of Columbia, taken at the

 19   Securities and Exchange Commission, 100 F Street, N.E.,

 20   Washington, D.C. 20549 at 10:23 a.m., Monday,

 21   September 18, 2006, and the proceedings being taken
      down by Stenotype by CARLA L. ANDREWS and transcribed
 22   under her direction.
```

**Certified Copy**



Alderson Reporting Company
1-800-FOR-DEPO

Page 2

1    APPEARANCES:

2    On behalf of the Plaintiff:

3        KENNETH J. GUIDO, ESQ.

4        CHRISTY L. ROMERO, ESQ.

5        Securities and Exchange Commission

6        Division of Enforcement

7        100 F Street, N.E.

8        Washington, D.C. 20549-4030

9        (202) 551-4480

10

11   On behalf of the Defendant:

12       LEEROY ALLEN, JR. (Pro Se):

13       104 North Hurley Avenue

14       Bayard, New Mexico 88023

15

16

17

18

19

20

21

22

1    A    No, sir, I didn't.

2    Q    Okay. Did you look at any documents?

3    A    No, sir, I didn't.

4    Q    Do you recall in your investigative testimony you told Ms. Romero that there were documents relating to the income that you had earned during the time that you were involved with IBBC?

8    A    I don't recall talking to Ms. Romero about any documents I have might have had because during my tenure during any employment with IBBC or the work that I was doing for IBBC, I don't recall ever getting a dime from IBBC that they gave me other than maybe they might have bought me a few meals every now and then in order to attend meetings or things like that. The rest of the time was spent by me providing my own monies to advance IBBC.

17   Q    Do you recall Ms. Romero asking you questions about what you received from IBBC?

19   A    I don't. I honestly don't, sir. If I did, it was probably during the first deposition that she took.

22   Q    I am talking about the investigative

1    testimony.
2       A    I don't recall. I really don't recall. It
3    has been over two years since I looked into this
4    matter.
5       Q    Do you recall telling her that you received
6    $3,500 a month?
7       A    No, I don't recall saying that. I don't
8    recall ever receiving that.
9       Q    Okay. We will get back into that --
10      A    No, that's fine.
11      Q    -- later on. Did you talk to anyone about
12   your testimony today?
13      A    No, sir. The only person I -- well, I should
14   say that I did talk to a friend of mine because I had
15   not been paid yet and I needed to make this trip here.
16   So I talked to a friend of mine about the fact that I
17   needed to come to Washington, D.C. for deposition
18   purposes. And he helped me with a plane ticket and
19   fare.
20          MR. GUIDO: I would like to have marked as
21   exhibit next number which, I believe, is eight, Exhibit
22   102, from your investigative testimony.

Page 285

1   any meetings after April?

2       A   I don't know. All I am telling you is I
3   don't know when I attended the meetings. I know that I
4   attended two meetings where the board of directors or
5   the board of trustees was involved.

6       MR. GUIDO: I would like marked as
7   Exhibits -- I would like to have marked as Exhibit No.
8   31 documents that are Bates-stamped SEC 010496 through
9   010792, which come with a cover letter from an Ellen
10  Shepley, S-h-e-p-l-e-y, with Harris Direct to
11  Ms. Christy Romero, dated November 5, 2004, which
12  contains various documents.

13      THE WITNESS: Alluding to what?

14      BY MR. GUIDO:

15      Q   The brokerage account that you maintained at
16  Harris Direct.

17      A   What I did was I just moved the IBBC stock
18  that they gave me into Harris direct.

19      Q   We are going to put this on the record.

20          (Exhibit No. 31, marked for identification.)

21      BY MR. GUIDO:

22      Q   I am going to hand you Exhibit No. 31 and ask

Page 286

```
 1   you to go through that.  Can you identify that as the
 2   document that reflects your account with Harris Direct,
 3   which is account number 67E-172100.
 4       A    I don't know what they provided.  All I know
 5   is the same account is still there, the stock is still
 6   there.  And it is still there.  It is what they
 7   provided the information related to that account.
 8       Q    Look at Exhibit number -- look at Bates stamp
 9   SEC 010499.  It is like the fourth or fifth page from
10   the top.
11       A    Okay.
12       Q    Do you see the signature there?
13       A    Yes, sir.
14       Q    Is that your signature?
15       A    Yes, it is.
16       Q    Now, look at the first page, the page right
17   before that.  Is that in your handwriting?
18       A    Yes, sir.
19       Q    And do you see where it has
20   Marileeco@yahoo.com?
21       A    Yes, sir.
22       Q    Is that an E-mail address that you were using
```

1   something I probably did on my own trying to follow the
2   stocks to see if it was promising at all. I don't
3   think you saw -- I don't think -- if you follow it, I
4   don't think -- I don't even know if I made money on it
5   or not. I doubt it.
6       Q    You received IBBC stock into this account,
7   right?
8       A    I received IBBC stock and I moved it into
9   this account, yes, sir.
10      Q    And you sold the stock out of that account --
11  IBBC stock?
12      A    Well, I am not familiar. Possibly. I don't
13  know if I did or not. I am not disputing that. It is
14  possible that I did do it. If I needed money, I needed
15  money. I wasn't trying to do anything.
16      Q    Well, in March on SEC 010543, it shows that
17  you sold on March 19, March 21, March 25. And on
18  010544 it says on March 18 you sold IBBC stock, your
19  total of 50,000 shares of stock; is that fair?
20      A    If it is here, they keep accurate records,
21  yes, sir.
22      Q    Flip back a couple more page to page 549.

Page 290

1     A    Okay.

2     Q    And 550. That shows that you sold another
3  approximately 45,000 shares of IBBC stock in the month
4  of April, right?

5     A    Yeah. If it was a situation where I needed
6  money and wasn't making any money and I had to pay
7  bills, probably, yeah. They keep good records. So if
8  I did it, I did it. I am not disputing that.

9     Q    How long after the registration statement
10 that has been marked as Exhibit 14 were your sales
11 made?

12    A    I have no idea. But if you are trying to say
13 that I did something based on collusion or something
14 like that, I didn't do it for that. If I did it and it
15 shows that I did do it, I did it for reasons of need.
16 I didn't do it because I wanted to circumvent or create
17 something that I was hiding or something like that. I
18 wasn't. I was doing it based on need and based on --

19    Q    But you did so in March or April of --

20    A    Absolutely.

21    Q    Hold on a second. 2003. You did
22 approximately 100,000 shares of IBBC stock?

## CERTIFICATE OF NOTARY PUBLIC

I, Carla L. Andrews, the officer before whom the foregoing deposition was taken, do hereby certify that the witness, whose testimony appears in the foregoing deposition was duly sworn by me, that the testimony of said witness was taken by me in stenotype and thereafter reduced to typewritten form under my supervision, that said deposition is a true record of the testimony given by said witness; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the action.

*Carla L. Andrews*
Carla Andrews, Notary Public for the
District of Columbia

My Commission Expires: January 14, 2009