UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LEEROY ALLEN, JR., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 1:05-cv-01919-RCL |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO LEEROY ALLEN, JR.**

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission ("SEC") hereby requests that LeeRoy Allen, Jr. produce each of the documents described below for inspection and copying, within thirty (30) days of service hereof, at the offices of the SEC, 100 F Street N.E., Washington, D.C. 20549.

**I.     Definitions and Rules of Construction**

A.     As used in this attachment, the term "IBBC" means International Biofuel and Biochemical Company, and any and all affiliates or subsidiaries thereof.

B.     As used in this attachment, the terms "you" and "your" mean LeeRoy Allen, Jr., his immediate family (including children, stepchildren, grandchildren, siblings, nieces, nephews and present and former spouses), and any corporation, partnership, trust or other entity of which he was or is an incorporator, shareholder, legal or equitable owner, officer, director, partner, grantor, trustee, employee, consultant, or beneficiary, and any aliases, code names, trade names, or business names used by any of the foregoing.


PLAINTIFF'S EXHIBIT
C

C. As used in this attachment, the terms "identify" or "identifying" mean: (1) in reference to an individual, the person's name and address(es) and telephone number(s) during the relevant period; and (2) in reference to an entity, the entity's full name, address(es) and telephone number(s) during the relevant period and the name(s), address(es) and telephone number(s) during the relevant period of the entity's incorporator(s), shareholder(s), legal or equitable owner(s), officers, directors, partners, grantor(s), trustee(s), employee(s), consultant(s), or beneficiary/ies.

D. As used in this attachment, the term "document" means all records, materials, and other tangible forms of expression in your possession or custody, or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including, but not limited to, charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, transcriptions, communications, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copy of the data contained on such disks), and other electronic media, microfilm, microfiche, and storage devices, and all of the foregoing reflecting communications.

E. As used in this attachment, reference to a person shall also include that person's trusts, affiliates, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

F. As used in this attachment, reference to an entity shall also include that entity's parents, subsidiaries, affiliates, predecessors, successors, officers, directors,

2

employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

G.  As used in this attachment, the term "communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral, written, or electronic, and includes without limitation: conversations, meetings, and discussions in person; conversations, meetings, and discussions by telephone; and written communications through the use of the mails, courier services, electronic media (such as electronic mail), and telephone lines and wires.

H.  As used in this attachment, a document "concerning," "involving," "regarding", "registered," "relating," "related," or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

I.  In the event that any information requested hereby is withheld on the basis of a claim of privilege, the assertion of privilege is to be made expressly and the nature of the privilege asserted is to be identified. In addition, the information withheld is to be described in a manner that will enable the SEC and, if necessary, the Court to assess the applicability of the privilege asserted.

J.  To the extent any documents requested hereby have already been produced by you to the SEC in response to any prior subpoena issued by the SEC staff, or any prior request for documents made by the SEC staff, such documents need not be produced again in response to this Request for Production of Documents.

**II.    Documents to be produced**

1. All documents relating to IBBC's registration with the Environmental Protection Agency.

2. All documents relating to IBBC working with DQ University-Davis.

3. All documents relating to any patent for the continuous flow technology which IBBC licensed.

4. All documents relating to IBBC's statement in its business plan filed with the SEC on March 7, 2003, as an exhibit to Registration Statement on Form S-8 that, "IBBC is in the process of constructing a large scale biodiesel production manufacturing plant in Connecticut."

5. All documents relating to IBBC's plans to have biodiesel plants with capacity scaleable to 20,000,000 gallons the first year and which could be gradually increased to 240,000,000 gallons.

6. All documents relating to IBBC's estimate that net return was $0.20 per gallon produced.

7. All documents supporting the projected income statement which IBBC included in its business plan filed with the SEC on March 7, 2003, as an exhibit to Registration Statement on Form S-8.

8. All documents relating to the sale of IBBC stock owned by you.

9. Documents sufficient to identify all persons which you approached in an attempt to raise money for IBBC, including all documents which you gave or showed to such persons and all documents related to all monies such persons gave to IBBC or you.

10. All documents relating to all monies paid by IBBC to you.

11. All documents relating to all IBBC corporate credit cards and debit cards used by you during the period February 14, 2003, through August 30, 2004, including, but not limited to, all monthly bills.

12. All documents relating to IBBC's reimbursement of business expenses incurred by you, including but not limited to all documentation or receipt of such expenses.

13. All documents relating to any vehicle used by you during the period February 14, 2003, through August 30, 2004, the purchase, rental, leasing, insurance or fuel cost of which was defrayed in whole or in part by IBBC, including documents identifying the vehicle make and model, the cost(s) defrayed by IBBC, any agreement(s) concerning such vehicle use.

14. All documents relating to all assets held at any time in the name of or for the benefit of IBBC, including title and registration for any vehicles, receipts or other documentation for office equipment and computers;

15. All documents relating to IBBC's acquisition of and, if applicable, disposition of the assets identified in response to paragraph 14, including the identity of persons and entities from whom or which assets were acquired or to whom or which assets were sold, transferred or otherwise disposed

16. All documents relating to IBBC's business expenses during the period February 14, 2003, through August 30, 2004, including:

   a)  All contracts or agreements between IBBC and any person or entity who provided services, products or goods to IBBC or took action on behalf of IBBC, including but not limited to, Joseph Linkevic, David Jacoy, and Richard Hiatt.

   b)  All documents concerning the services rendered or actions taken on behalf of IBBC by the persons or entities identified in response to paragraph 16a above.

   c)  All documents concerning remuneration, compensation, transfers or distributions paid or effected by IBBC to or on behalf of the persons or entities identified in response to paragraph 16a;

17. All documents relating to IBBC's payment of monies to Salt River Project, Theodore Hogan, Way of the Ancients, Scott Toyota, Timberline, Storquest, Hilton Hole in the Wall Spa, Direct TV, Golden Eagle Dist., and Doremus Financial Printers.

Dated: April 26, 2006

Respectfully submitted,

Michael K. Lowman (Bar No. 460190)
Christy L. Romero (Bar No. 479380)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4477 (Lowman)
(202) 551-4857 (Romero)
(202) 772-9245 (Lowman fax)

Of Counsel:

Antonia Chion
Christopher Conte
Lisa Deitch
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549

## Certificate of Service

I certify that a copy of the PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO LEEROY ALLEN, JR. has been served by first class mail to defendant LeeRoy Allen at the following address:

LeeRoy Allen, Jr.
P.O. Box 70
Bayard, New Mexico 88023

_____
Michael K. Lowman